Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES, PC
111 E. 5600 S. #105
Murray, Utah 84107
Phone: 801-255-0123 / 801-651-1512
Fax: 801-255-2134
Email: gs@justiceinutahnow.com

*Attorney for Plaintiff, Prince Safri*

---

**IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| PRINCE SAFRI,<br><br>             Plaintiff,<br><br>*vs.*<br><br>COMFORT INN and RAKESH PATEL,<br><br>             Defendants. | **COMPLAINT**<br><br>(JURY DEMAND)<br><br><br>Case No.<br><br><br>Judge |

---

**COMPLAINT FOR IN VIOLATIONOF THE FAIR LABOR STANDARDS ACT,
THE UTAH PAYMENT OF WAGES ACT, UNJUST ENRICHMENT, RETALIATION
AND BREACH OF CONTRACT UNDER UTAH LAW**

---

Plaintiff, PRINCE SAFRI, by and through their undersigned counsel, files

this Complaint and Jury Demand against Defendants:

1

## PARTIES

1.    Plaintiff, PRINCE SAFRI, is a resident of the State of Utah.

2. COMFORT INN is a Utah business, which is run by RAKESH PATEL,

whose legal status is expired according to the Utah Division of

Commerce and Commercial Code.[1]

3. RAKESH PATEL is the owner, officer and director of COMFORT INN.

## JURISDICTION AND VENUE

4.    This action arises in part under 29 U.S.C. § 201, et. seq.  of the FLSA.

The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b),

and has pendant jurisdiction over the breach of contract issues and other Utah-

law issues.

5.    Defendants were employers of Plaintiff as defined by the FLSA and

Utah Code Ann. §34-28-9, et seq.

6.    Plaintiffs have satisfied all conditions precedent to filing this action

or the same have been waived.

## INTRODUCTION

From January of 2019 through June of 2021, Plaintiff worked for

Defendants, who paid him cash.  RAKESH PATEL had Plaintiff sign time cards,

---

[1] There are two expired entities on the Utah site:  The first one:  Entity Number: 8167892-0151; Company Type: DBA; Address: 1776 W 2550 N Farr West, UT 844040000; Registered Agent: RAKESHKUMAR A PATEL; Registered Agent Address: 2762 N 2575 W  Farr West, UT 84404.  The second one: Entity Number: 6906617-0151 Company Type: DBA; Address: 1776 W 2550 N Farr West, UT 84404 ; Registered Agent: RAKESHKUMAR A PATEL; Registered Agent Address: 1807 W 4650 S #H; Roy, UT 84067

but did not pay PRINCE SAFRI per the mandates of the Fair Labor Standards Act

("FLSA"), nor per the Utah Payment of Wages Act (Utah Code Ann. §34-28-9, *et*

*seq)*.  It is alleged that Mr. Patel is also liable for unjust enrichment pursuant to

Utah common law, and for retaliation in violation of the FLSA. Plaintiff seeks

general damages, costs, liquidated damages and reasonable attorney's fees.

## FACTS

1.  Defendants hired Mr. Safri on or about January 15 of 2019, and he separated

    from their employ on or about June 15 of 2021 (about 882 days, or 126 weeks).

2.  All Defendants jointly participated in the facts given herein.

3.  All defendants were employers within the meaning of the FLSA because they all

    suffered or permitted Plaintiff to work. 29 U.S.C.S. § 203(g).

4.  Mr. Patel typically suffered (demanded) Plaintiff to work seven days per week,

    and Plaintiff was only taking about one day a month off.

5.  The hourly rate was $10 dollars per hour.

6.  Defendants never paid Plaintiff any overtime.

7.  Plaintiff worked seven days per week, 56 hours per week, so straight time would

    have been $560 per week.

8.  In other words, he was not paid for 16 hours of overtime per week.

9.  So, he was shorted $80 dollars per week.

10. Liquidated damages would put that amount to $160 per week.

11. Thus, $160 * 126 = $20,160.

12. Defendants told Plaintiff not to tell the managers what he was being paid.

13. Defendants paid Plaintiff by way of cash.

14. The work was too much and too illegal for Plaintiff to endure, so he had no choice but to separate himself from the employers.

15. By way of retaliation, Defendants refused to pay him for the month of May and for the 15 days Plaintiff worked in June—thus, they failed to comply with the minimum wage mandates of the FLSA.

16.  He has not been paid at all for those 46 days (368 hours, or $3680 straight time wage).

17. The liquidated damages owed ($7.25 an hour for all hours worked during May and June of 2021) for the late wages for that time period is $2,668.

18. Defendants paid Plaintiff for all weeks he worked.

19. Thus, Defendants failed to pay him minimum wage timely.

    a.  126 weeks * 56 hours worked = 7,056 hours worked.

    b.  7,056 hours * 7.25 = $51,156 in liquidated damages.

### PRAYER FOR RELIEF

1.  Plaintiff asks for pre- and post-judgement interest on the amount he is owed (to be paid by Defendants) at the rate provided by law.

2.  Plaintiff asks that his attorney fees (at the rate of $300 per hour) and costs be paid by Defendants.

3.  Plaintiff asks that liquidated damages be assessed against Defendants.

4.  Plaintiff asks that he paid, by Defendants, for the final 46 days he worked whose straight time is $3,680.

5. Plaintiff asks that he be paid, by Defendants, the liquidated damages for the 7,056 hours that he was paid late, which is $51,156.

6. Plaintiff asks that he paid the unpaid overtime, which he was shorted ($80 dollars per week) which is $20,160.

7. The total of the unpaid overtime, wages, and liquidated damages prayed for is $74,996.


DATED this 17th day of July 2021.


/s/ Gregory B. Smith, attorney for Plaintiff